UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2692** |
| **TIMOTHY KEITH, WARDEN** | **SECTION "E"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See U.S.C. § 2254(e)(2) (2006).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.  STATE COURT PROCEDURAL BACKGROUND

The petitioner, Michael Williams, is incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2] More than 17 years ago, on April 6, 1998, Williams was charged by bill of information with one count of first-degree robbery, along with his co-

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

defendant, Donald Greenup.[3]  The Louisiana Fourth Circuit Court of Appeal recited the facts of the case as follows:

> At trial Officer Brian Danigole testified that about 11 p.m. on 9 March 1998, he and his partner, Officer Chris Lang, were called to investigate a car-jacking on Lakeview Drive.  As they listened to the dispatcher's description of the stolen van, they saw the vehicle pass in front of them on Chef Menteur Highway.  The officers followed the blue 1996 Dodge Caravan with a temporary license tag in the rear window on to Claiborne Avenue.  When a backup car arrived, they turned on the police light bar, but the Dodge Caravan did not stop.  Instead, it turned several times, sideswiped two parked cars and crashed at Loyola and Sixth Streets.  The passenger emerged first and ran; Officer Lang followed him.  Michael Williams, the driver, left the car and jumped a fence into a graveyard.  He was found, hiding behind a tombstone, and arrested.
>
> Officer Fred Bates, Jr., was finishing up an investigation of a separate incident at Methodist Hospital when he heard the call concerning the car-jacking.  He went to the victim's residence, picked her up, and transported her to view the suspects.  The victim remained in the car, and the officer turned on a high beam spotlight.  The defendant and his accomplice each walked into the light.  She immediately recognized the men and named them as the two who had taken her car.
>
> Officer Gary Lee of the K-9 Division testified that he participated in the arrest of Michael Williams.  Officer Lee was told that a suspect was hiding in a graveyard, and he and his dog searched the yard and found the defendant hiding among the graves.
>
> Ms. Debbie Robinson of 5122 Lakeview Court testified that about 10:30 p.m. on 9 March 1998, as she walked out of her house to put something into her van, she noticed two men, one riding a bike and the other walking.  While she was locking the van, one of the men ran up behind her.  He pointed a small black gun at her and demanded the keys to the van.  At that moment Ms. Robinson's neighbors came outside, and the assailant told her to get into the van and start it.  When her neighbors drove past her house,

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 4/6/98.

2

the man told her to cut off her lights and she did so. As she sat in the van with him, he kept the gun pointed at her. He was wearing a net over his face and black pants. Once the street was clear, he told her to get out of the van but also stated, "[d]on't walk towards your house, because I'll shoot you in the back. Walk towards the grass." She did as he said, and he drove away. She watched as the van approached the corner, and she saw it stop to pick up the man who had been on the bike earlier. She then went into her house to call the police. Later that night, Ms. Robinson identified Michael Williams as the man with the gun who took her van and threatened her.

State v. Williams, 812 So. 2d 159 (La. App. 4th Cir. 2002) (Table); State Record Volume 1 of 3, Louisiana Fourth Circuit Opinion, 2001-KA-1280, February 6, 2002.

On October 15, 1998, following a bench trial, Williams was found guilty as charged.[4] On October 21, 1998, Williams was sentenced to 25 years in prison.[5] The State filed a multiple offender bill pursuant to La. Rev. Stat. § 15:1592.1 to enhance Williams' sentence based on a prior conviction for attempted simple burglary.[6] Williams pleaded guilty to the multiple bill and was resentenced to 25 years imprisonment.[7]

Williams did not immediately appeal his sentence in a timely fashion. Almost two years later, however, he sought an out-of-time appeal, both through an application for

---

[4]St. Rec. Vol. 1 of 3, Trial Minute Entry, 10/15/98; St. Rec. Vol. 2 of 3, Trial Transcript, 10/15/98. Donald Greenup, his co-defendant, was found guilty only of simple robbery.

[5]St. Rec. Vol. 1 of 3, Sentencing Minute Entry, 10/21/98.

[6]*Id.*; St. Rec. Vol. 1 of 3, Multiple Bill.

[7]*Id.*; St. Rec. Vol. 1 of 3, Plea of Guilty Multiple Offender Form, 10/21/98.

post-conviction relief, and through appearance of counsel.[8] On November 2, 2000, the state district court granted Williams' request.[9] Through appointed counsel, Williams filed an appellate brief in the Louisiana Fourth Circuit Court of Appeal, assigning no errors for reversal and simply requesting a review for errors patent.[10] The Louisiana Fourth Circuit affirmed Williams' sentence and conviction on February 6, 2002, finding no grounds for reversal.[11] Williams did not thereafter apply for a writ or certiorari from the Louisiana Supreme Court. Thus, his conviction and sentence became final 30 days later, on or about March 8, 2002. See La. S. Ct. R. X, §5(a).[12]

---

[8]St. Rec. Vol. 1 of 3, Post-Conviction Relief App./Motion for Out-of-time Appeal, 8/22/00; Minute Entry, 11/2/00. The Minute Entry reflects that counsel appeared to file a motion for out-of-time appeal.

[9]St. Rec. Vol. 1 of 3, Minute Entry, 11/2/00.

[10]St. Rec. Vol. 2 of 3, 4th Cir. Brief, 2001-KA-1280, 8/6/01.

[11]State v. Williams, 812 So. 2d 159 (La. App. 4th Cir. 2002) (Table); St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 2001-KA-1280, 2/6/02. The Fourth Circuit did find one potential error patent in the trial court's sentence in that it failed to specify that it would be served without the benefit of parole, probation, or suspension of sentence. However, because another statute provides that these restrictions are contained in the sentence, regardless of whether or not they are recited at sentencing, the Fourth Circuit did not need to take action to correct this error.

[12] The Rule provides, in relevant part:
(a) An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted.
La. S. Ct. R. X, §5(a).

Almost two years later, on January 27, 2004, Williams filed an application for post-conviction relief.[13] When the district court failed promptly to rule on the application, he filed a writ application in the Louisiana Fourth Circuit Court of Appeal.[14] The Fourth Circuit denied the writ because there was no proof in the district court record of Williams' 2004 post-conviction relief application.[15]

Williams then filed a second writ application, attaching his 2004 post-conviction relief application.[16] The Louisiana Fourth Circuit again denied the writ, finding on April 10, 2006, that Williams had failed to prove that he "filed an application for post-conviction relief in the district court within the two-year time limitation provided by La. C. Cr. P. art. 930.8."[17] More than a year later, he filed a motion for leave to file an application for out-of-time writ of certiorari in the Louisiana Supreme Court to challenge the Fourth Circuit's denial.[18] On February 15, 2008, the Louisiana Supreme Court denied his request.[19]

---

[13]St. Rec. Vol. 1 of 3, Post-Conviction Relief App., 1/27/04.

[14]St. Rec. Vol. 3 of 3, 4th Cir. Writ App., 2005-K-0989, 6/17/05.

[15]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2005-K-0989, 7/28/05.

[16]St. Rec. Vol. 3 of 3, 4th Cir. Writ App., 2006-K-0276, 3/3/06.

[17]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2006-K-0276, 4/10/06.

[18]St. Rec. Vol. 3 of 3, Motion to File Out-of-time Certiorari App., 2007-KH-1035, 4/12/07.

[19]State ex rel Williams v. State, 976 So. 2d 172 (La. 2008) (Mem); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2007-KH-1035, 2/15/08.

About 16 months later, on June 9, 2009, Williams filed a motion to correct an illegal sentence in the state district court, which he supplemented a few weeks later, asserting additional claims of prosecutorial misconduct and insufficient evidence to sustain his conviction.[20] Again receiving no response from the state district court, Williams filed a writ application in the Louisiana Fourth Circuit, which denied his claims in September 2009.[21] Williams did not seek further review in the Louisiana Supreme Court.

Finally, Williams filed a motion to correct an unconstitutional sentence in the state district court sometime in November or December 2013.[22] On December 9, 2013, the state district court denied the motion.[23] The Louisiana Fourth Circuit and the Louisiana Supreme Court also denied his related subsequent writ applications.[24]

---

[20]St. Rec. Vol. 1 of 3, Motion to Correct an Illegal Sentence, 6/9/09; Motion Supplement and Request for Post-Conviction Relief, 6/22/09.

[21]St. Rec. Vol. 3 of 3, 4th Cir. Writ App., 2009-K-1110, 8/10/09; 4th Cir. Order, 2009-K-1110, 9/8/09.

[22]St. Rec. Vol. 3 of 3, Motion to Correct Unconstitutional Sentence, undated. The Motion is attached as an exhibit and appears to be signed on a date in November 2013, but the day is blank. See also St. Rec. Vol. 1 of 3, Docketmaster, p. 3, which includes a minute entry regarding a filing of the same motion on December 9, 2013.

[23]St. Rec. Vol. 1 of 3, Docketmaster, p. 3, 12/9/13; St. Rec. Vol. 3 of 3, St. D. Ct. Judg., 12/9/13.

[24]St. Rec. Vol. 3 of 3, 4th Cir. Writ App., 2014-K-0041, 12/31/13; 4th Cir. Order, 2014-L-0041, 1/15/14; La. S. Ct. Writ App., 2014-KH-0252, 1/27/14; La. S. Ct. Order, 2014-KH-0252, 10/10/14.

II. FEDERAL HABEAS PETITION

On November 24, 2014, the clerk of this court filed Williams' petition for federal habeas corpus relief, which asserts only one claim cognizable on federal habeas review: ineffective assistance of counsel.[25] The State filed a response in opposition to the petition arguing that the petition is untimely under federal law.[26]

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[27] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). The AEDPA therefore applies to Williams' petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409,

---

[25]Rec. Doc. No. 1.

[26]Rec. Doc. No. 17.

[27]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State has asserted the defense that the petition is not timely filed.

IV. <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[28] <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001). Williams' conviction became final on or about March 8, 2002, when he did not seek timely review of his conviction before the Louisiana Supreme Court.

Therefore, under a literal application of the statute, Williams had until March 10, 2003,[29] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was

---

[28]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

[29]The 365th and final day of Williams' limitations period fell on March 8, 2003, a Saturday. Under the Federal Rules of Civil Procedure, his limitations period was therefore extended until the next business day–Monday, March 10, 2003. <u>See</u> Fed. R. Civ. P. 6(a).

interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu–Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418–19; Cousin, 310 F.3d at 848.

Though Williams makes a one-sentence assertion in his petition that equitable tolling applies,[30] he has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in court decisions. See United States v. Wynn, 292 F.3d 226

---

[30]Rec. Doc. No. 1. In the section of his petition regarding the limitations period, Williams states, "Equitable [sic] tolled due to outstanding post conviction given to prison officials for mailing in 2004 remains outstanding and/or *Fay v. Noia*, 372 U.S. 391 (1963); and *Wainwright v. Sykes*, 433 U.S. 72 (1977) is applicable due to no deliberate bypass of my state and federal appellate collateral remedies." Neither of these vaguely stated reasons are grounds for equitable tolling.

(5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu–Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n. 1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175–178. Thus, the time which during state

court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period. Flanagan, 154 F.3d at 199 n.1.

For a post-conviction application to be considered "properly filed" within the meaning of within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306–307 n. 4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999)); Smith v. Ward, 209 F.3d 383, 384–85 (5th Cir.2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219–20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea

is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686–88 (5th Cir. 2005).

In this case, Williams' conviction became final on March 8, 2002. The one-year limitations period began to run on March 9, 2002, and did so, without interruption, for 367 days,[31] until approximately March 10, 2003, when the one-year limitations period expired. Williams had no properly filed state post-conviction or other collateral review proceedings of any kind pending during that time. His later application for post-conviction relief on or about January 27, 2004, filed almost one year after the AEDPA limitations period had already expired, has no effect on the federal timeliness calculation. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Williams' federal petition was filed on November 24, 2014, which is more than ten years after the expiration of the AEDPA statute of limitations. Thus, his petition must be dismissed as time-barred.

---

[31]See note 29, supra.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Williams' petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[32]

New Orleans, Louisiana, this \_\_\_\_22nd\_\_\_\_ day of June, 2015.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[32]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.